## CONFIDENTIAL SETTLEMENT
## AGREEMENT AND GENERAL RELEASE

The parties to this Confidential Settlement Agreement and General Release, (hereinafter "Agreement") are, Kennedy Francosi, (hereinafter referred to as "Plaintiff"), and Food of All Nations, Inc., Orian Azoulay, and Yakov Blives (hereinafter collectively referred to as "Defendants"), and on March 22, 2016 they stipulate and agree as follows:

WHEREAS Plaintiff filed a complaint styled *Kennedy Francois, v. Food of All Nations, Inc., Orian Azoulay and Yakov Blives*, Case No.: 15-24331-CV-Martinez, pending in the U.S. District Court for the Southern District of Florida, (hereinafter referred to as "the action") in which Plaintiff has made claims for damages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §201 et seq., §440.205, Fla. Stat.

WHEREAS there exists a bona fide dispute between the Plaintiff and the Defendants with respect to coverage and any amounts due to the Plaintiff pursuant to the FLSA; and

WHEREAS the parties are represented by experienced and competent counsel who have advised them in this matter;

WHEREAS the parties desire to amicably resolve the action, and therefore enter into this Agreement.

In full consideration of the mutual promises and covenants contained herein, the receipt and sufficiency of which is hereby acknowledged, Plaintiff and Defendants agree to the following terms and conditions.

1. **Recitals.** All the foregoing recitals are true and correct and are incorporated as part of the terms and conditions.

2. **Consideration and General Release.** Defendants agree to pay to the Plaintiff, and Plaintiff agrees to accept on behalf of herself, her heirs, executors, successors, legal representatives,

Page 1

attorneys, agents and assigns, the total settlement sum of Seven Thousand Four Hundred Twenty Five Dollars ($7,425), ("Settlement Sum") in full payment, satisfaction and release of the action, and any and all claims, causes of actions, lawsuits, charges, complaints, damages, attorney's fees, expenses, and debts whatsoever, known or unknown, that Plaintiff had, has or may have against the Defendants, their officers, directors, owners, employees, managers, related companies, representatives, heirs, agents, attorneys, and assigns from the date that this Agreement is executed by Plaintiff to the beginning of the world.

3. **Division and Distribution of Settlement Sum.** The Settlement Sum shall be distributed as follows: One check to Plaintiff in the amount of $1,712.50, less payroll tax withholdings representing back pay; and second check to Plaintiff in the amount of $1,712.50, without any payroll tax withholdings representing liquidated damages; and a third check to Plaintiff's counsel in the amount of $4,000.00 representing payment for Plaintiff's attorney's fees and costs. The settlement checks shall be delivered to James Loren, Esq. Law offices of Loren & Associates, P.A. 100 S Pine Island Rd., Ste 132 Plantation FL 33324 within five business days of the occurrence of all of the following: (1) the Court entering an order approving this settlement agreement and dismissing this action with prejudice, (2) Plaintiff and Plaintiff's counsel each providing the Defendants with a completed Form W-9, and (3) after the seven-day revocation period has expired.

4. **Approval and Dismissal of Lawsuit**. Upon the full execution of this Agreement, the parties shall file a joint motion requesting court approval of this Agreement, and requesting the dismissal of the action with prejudice.

5. **Agreement Not to Be Used as Evidence**. This Agreement shall not be admissible as evidence in any proceeding except one in which a party to this Agreement seeks to enforce it or one in which a court or administrative agency of competent jurisdiction orders its production.

6. **Non-Admission Clause.** Furthermore, by entering into this Agreement, the Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted in the action, including any claims that could have been asserted under the FLSA, and they expressly deny any and all such liability.

7. **Covenant Not to Sue.** Plaintiff agrees not to commence, maintain, or prosecute any action or proceeding of any kind in any court or administrative agency against the Defendants or any of their respective shareholders, subsidiaries, affiliates, successors, and assigns or any of its past or present directors, officer, agents, representatives, attorneys or employees, with respect to any act, omission, transaction or occurrence up to and including the date of the execution of this Agreement. Plaintiff also agrees not to participate, cooperate or assist in any manner, whether as a witness, expert, consultant or otherwise, in any lawsuit, complaint, charge or other proceeding involving the Defendants as a party unless she is requested to do so by the Defendants, or she is compelled by subpoena or court order. Should such participation be required without the Defendants' consent, Plaintiff must provide the Defendants with prompt notice so that it may take appropriate action.

8. **Confidentiality.** The Plaintiff agrees that the existence of this Agreement and its terms and conditions shall remain confidential and may not be disclosed by Plaintiff without the express written consent of all of the Defendants, except to (a) Plaintiff's spouse, (b) her accountants, tax preparers, attorneys and related entities on a need to know basis, (c) to government agencies as required, such as the Internal Revenue Service, (d) to the Court to approve this Agreement or enforce it, and (e) pursuant to court order or subpoena. Plaintiff has the responsibility to specifically instruct these persons to keep the information confidential. Plaintiff acknowledges that any violation of this provision would cause immeasurable and irreparable damage to Defendants. Accordingly, Plaintiff agrees that Defendants shall be entitled to injunctive relief in

any court of competent jurisdiction, and for any actual or threatened violation of this provision in addition to actual damages, and any other remedies deemed appropriate by the Court.

9. **Reemployment and References:** Plaintiff shall not seek reemployment with Defendants. Defendants agree to provide a neutral reference in the event that any person or entity seeks a reference about Plaintiff, that means that the Defendant shall provide only the Plaintiff's dates of employment, and last position held.

10. **Non Disparaging Remarks and No Rehire.** Plaintiff agrees not to make any statements that disparage the Defendants or their employees, officers, directors, employees, products or services. Plaintiff further agrees that she will not seek re-employment with Defendants. If Plaintiff is hired by or enters into a contractual relationship with Defendants or either of them, this Agreement shall be sufficient to terminate Plaintiff. Plaintiff agrees that the limitations in this paragraph on Employee's future work and contractual rights are fair and just under all of the relevant facts and circumstances, including the disputes between Plaintiff and Defendants. Plaintiff also agrees not to come onto or enter the premises of the Defendants.

11. **Severability.** If a court of competent jurisdiction invalidates any provision of this agreement, all of the remaining provisions of the Agreement shall remain in full force and effect provided that both parties may still effectively realize the complete benefit of the promises and considerations conferred hereby.

12. **Voluntariness.** Plaintiff certifies that she been given the opportunity to consider this Agreement for a period of twenty-one days, and she understands that she has seven days after signing this Agreement to revoke the portion of this Agreement relating to the release of claims for Age Discrimination in Employment Act and the Older Workers Benefit Protection Act. Any such revocation must be made in writing and delivered to Penichet Law, 9655 S. Dixie Highway, Suite 310 Miami, Florida 33156. Plaintiff certifies that she has fully read, negotiated, and

time to review and understand this Agreement and she has been advised by Defendants to consult with an attorney before signing the Agreement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence. Plaintiff

13. **Rules of Construction.** The parties acknowledge that each party has had her/his/its counsel review and revise this Agreement, and that the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

14. **Enforcement and Attorney's Fees.** The parties agree that this Agreement is conditioned on the District Court retaining jurisdiction over this matter to enforce the terms of this Agreement. Each party reserves the right to enforce the terms of this Agreement. In the event that a legal action is brought to enforce the terms of this Agreement, the prevailing party shall be entitled to recover her/his/its costs and attorneys' fees.

15. **Entire Agreement.** This Agreement constitutes the entire agreement between the parties with respect to the action.

16. **Counterparts.** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Electronic transmissions and/or copies of the signature block shall be deemed enforceable.

PLAINTIFF:

BY: _Kennedy Francois_ (signature)   Date: 3/21/16
Kennedy Francois

DEFENDANTS:

BY: _(signature)_ Eliran Assulih   Date: 3-22-16
Food of All Nations, Inc.

Name and Title

ORIAN AZULAY president
Name and Title

BY: _____    Date: 03/22/16
Orian Azoulay

BY: _____    Date: 03-22-16
Yakov Blives